**Salvador CASTRO–FUENTES, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–72736.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2016.*

Filed March 22, 2016.

Salvador Castro–Fuentes, Pomona, CA, pro se.

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Erica Miles, Senior Litigation Counsel, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Salvador Castro–Fuentes, a native and citizen of El Salvador, petitions pro se for

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

654

review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder,* 597 F.3d 983, 986 (9th Cir.2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Castro–Fuentes' motion to reopen because it was untimely and Castro–Fuentes did not establish materially changed circumstances in El Salvador affecting his eligibility for relief as to overcome the time limitation for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi,* 597 F.3d at 987–90 (evidence must be "qualitatively different" to warrant reopening). We reject Castro–Fuentes' contention that the BIA ignored evidence. *See Najmabadi,* 597 F.3d at 990–91 (the BIA adequately considered the evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.